S02Y0804, S02Y1528, S02Y1529, S02Y1530, S02Y1531, S02Y1532, S02Y1533, S02Y1534, S02Y1535, S02Y1536, S02Y1537. IN THE MATTER OF MICHAEL A. JONES (eleven cases).
(575 SE2d 508)

PER CURIAM.

These disciplinary matters are before the Court pursuant to eleven Notices of Discipline filed by the State Bar alleging that Respondent Michael A. Jones violated numerous Standards and Rules of the Georgia Rules of Professional Conduct of Bar Rule 4-102 (d).[1] The State Bar is seeking Jones's disbarment. Jones has been suspended from the practice of law since May 9, 2002.[2] Jones failed to acknowledge service of the Notices of Discipline within 20 days of the mailing to Jones's post office box and as Jones only provided a post office box to the Membership Department of the State Bar, Jones was

---

[1] Jones is charged specifically with violations of Standards 4, 44, 61, 63 and 65 for conduct occurring before January 1, 2001, and violations of Rules 1.2, 1.3, 1.4, 1.15 (I), 1.15 (II), 8.4 (a) (4) and 9.3 for conduct occurring after January 1, 2001.
[2] *In the Matter of Jones*, S02Y1163 (Ga. May 9, 2002).

served by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii) with notices published in the Fulton County Daily Report. The State Bar also contemporaneously with publication mailed a copy of the service documents by first class mail to Jones's address as shown on the records of the State Bar's Membership Department. Jones failed to file a Notice of Rejection of each Notice of Discipline within the time provided in Bar Rule 4-208.3, and accordingly, pursuant to Bar Rule 4-208.1 (b), Jones is in default, has no right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. By virtue of Jones's default, the following facts are deemed admitted.

In ten of the eleven cases, Jones was hired to represent a client for injuries arising out of an automobile accident. In each case, Jones settled the case without the client's knowledge, forged the client's signature on the settlement check, and converted the check to his own use without the client's knowledge or authorization. In the remaining case, Jones was hired to represent a client for matters arising out of an automobile accident. When the client received payment from two insurance companies to cover the cost of repairs to his car, Jones instructed the client to forward one check to him for return to the insurance company. Jones, however, converted the check for his own use. The total amount converted in the eleven cases was $45,286.38.

Based on our review of the record, we agree with the State Bar that disbarment is the appropriate sanction in this matter. Accordingly, Jones is hereby disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED JANUARY 13, 2003.

*William P. Smith III, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar,* for State Bar of Georgia.